**MARK BRNOVICH**
**ATTORNEY GENERAL**
Brunn W. Roysden III (028698)
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-8958
Beau.Roysden@azag.gov

*Attorneys for Proposed Intervenor-*
*Defendants State of Arizona and*
*Mark Brnovich, Arizona Attorney General*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Living United for Change in Arizona, et al.,<br><br>　　　　　　　Plaintiffs,<br>vs.<br><br>Katie Hobbs,<br>　　　　　　　Defendant,<br>　　　　and<br>State of Arizona and Mark Brnovich, Arizona Attorney General,<br>　　　　　　　Proposed Intervenor-Defendants. | Case No: 2:22-cv-00519-SRB<br><br>**MOTION TO INTERVENE BY STATE OF ARIZONA AND MARK BRNOVICH, ARIZONA ATTORNEY GENERAL** |

The State of Arizona and Mark Brnovich, Arizona Attorney General (collectively, the "State") respectfully move under Rule 24 to intervene in this matter to defend the law challenged in this action. Plaintiffs do not object to intervention by the State; Defendant does not oppose intervention by the State.

**INTRODUCTION**

The State of Arizona and its Attorney General seek to intervene in this challenge to one of its recently enacted election laws, HB 2492. This suit is one of two challenging the law, while the other is *Mi Familia Vota v. Hobbs.*, No. 2:22-cv-00509-SMB (D. Ariz). That other suit named the Attorney General.

All of the requirements for intervention as of right are readily satisfied here. *First*, this motion is timely—filed the same day that a waiver of service was executed by the defendant and a mere four business days after Plaintiffs' challenge was first filed. *Second*, the State has protectable interests in defending and enforcing its laws, which would be impaired by the relief sought. The Attorney General similarly has a protectable interest in the validity of laws that he is specifically charged with enforcing. *Third*, the "minimal burden" of demonstrating the inadequacy of existing parties is demonstrated by the fact that (1) the lone named Defendant has stated that she believes HB 2494 "creates new, illegal barriers for voters,"[1] and (2) the Defendant has previously refused to defend Arizona election laws and, at times, affirmatively argued for invalidating them.

Alternatively, this Court should grant permissive intervention. The State seeks to raise common arguments of law and fact in defense of the Acts and its participation will aid this Court.

**LEGAL STANDARD**

Rule 24 provides for intervention both permissively and as-of right. A party may intervene as of right under Rule 24(a). In *Wilderness Society v. U.S. Forest Service*, the Ninth Circuit set forth its four-part test for motions to intervene of right:

---

[1] https://twitter.com/SecretaryHobbs/status/1509266228895895556?s=20&t=g3_8eikG-pa2LcxOqXgS4g

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

630 F.3d 1173, 1177 (9th Cir. 2011) (en banc).

This analysis is "guided primarily by practical considerations, not technical distinctions." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (cleaned up); *accord Wilderness Soc'y*, 630 F.3d at 1179 (reiterating importance of "practical and equitable considerations" as part of judicial policy favoring intervention). "[A] district court is required to accept as true the non-conclusory allegations made in support of an intervention motion." *Berg*, 268 F.3d at 819.

In addition, Rule 24(b)(1)(B) provides that "the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Along with timeliness, "all that is necessary for permissive intervention is that intervenor's 'claim or defense and the main action have a question of law or fact in common.'" *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002) (quoting 24(b)(1)(B).[2]

The Attorney General is empowered by Arizona law to seek intervention in federal court on behalf of the State. *See* A.R.S. § 41-193(A)(3) (empowering Department of Law to represent the State in federal courts); *see also* A.R.S. § 41-192(A) (vesting Attorney General with direction and control of Department of Law).

**ARGUMENT**

**I.    THE STATE IS ENTITLED TO INTERVENE AS OF RIGHT**

Each of the four requirements for intervention as of right are satisfied here: (1) the State's motion is timely, (2-3) the State and its Attorney General have protectable

---

[2] *Kootenai Tribe* also has language regarding intervention as of right that was overruled in *Wilderness Society*. *Wilderness Society* does not undermine *Kootenai Tribe*'s holding regarding permissive intervention, however.

2

1  interests in defending and enforcing its laws, including those that the Attorney General is
2  charged with enforcing, which would plainly be impaired by the requested relief, and
3  (4) the existing parties do not adequately represent the State's interest, particularly as the
4  only named Defendant has declared that she believes that HB 2494 is unlawful.

### A. The State's Motion To Intervene Is Timely

The State's motion is plainly timely. This suit was filed Thursday, a mere six days (and four business days) ago. The Ninth Circuit has found timely considerably greater intervals. *See, e.g., Fund for Animals v. Norton*, 322 F.3d 728, 735 (9th Cir. 2003) (holding motion to intervene was timely when it was filed "less than two months after the plaintiffs filed their complaint and before the defendants filed an answer"); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1994) (motion was timely when motion filed "four months after [plaintiff] filed the action" and "before any hearings or rulings on substantive matters."); *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993) (holding intervention was clearly timely where it was filed "before the EPA had even filed its answer").

### B. The State Has A Significant Protectable Interest In The Subject Matter Of This Action, Which Would Be Affected By Any Adverse Ruling

The State has an unquestionable interest in defending the constitutionality of its laws. "[A] State has standing to defend the constitutionality of its statute." *Diamond v. Charles*, 476 U.S. 54, 62 (1986); *see also* Fed. R. Civ. P. 5.1(c) (permitting intervention by state attorney general when constitutionality of state's statutes is questioned). Similarly, "a state suffers irreparable injury whenever an enactment of its people or their representatives is enjoined." *Coalition for Economic Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997); *accord Maryland v. King*, 133 S. Ct. 1, 3 (2012) (Roberts, C.J., in chambers) (same). And "because the Article III standing requirements are more stringent than those for intervention under rule 24(a)," where a State has standing to defend a law, that "standing under Article III compels the conclusion that they have an adequate interest under" Rule 24. *Yniguez v. State of Arizona*, 939 F.2d 727, 735 (9th Cir. 1991).

1    The State also has a compelling interest in structuring its elections. *See Burdick v. Takushi*, 504 U.S. 428, 433 (1992); *John Doe No. 1 v. Reed*, 561 U.S. 186, 197 (2010) ("The State's interest in preserving the integrity of the electoral process is undoubtedly important.").

Invalidation of any state election procedure undoubtedly has an effect on the State sufficient to support intervention. And because that is precisely the relief that Plaintiffs seek, the potential-impairment requirement is plainly satisfied here.

The Attorney General also has significant protectable interests in this action. As the Complaint sets out in substantial detail in paragraphs 105-09, HB 2492 confers both authority and duties on the Attorney General—all of which could be invalidated if Plaintiffs were to prevail here. The Attorney General thus has protectable interests that could be impaired by this action.

**C. Existing Parties Do Not Adequately Represent The State's Interests**

The "burden of showing inadequacy of representation is 'minimal' and satisfied if the applicant can demonstrate that representation of its interests 'may be' inadequate." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). Courts consider several factors, including

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 952 (9th Cir. 2009).

This element is met here. Defendant has contended that HB 2494 "creates new, illegal barriers for voters." *See supra* at 1 & n.1. She also has not, to the State's knowledge, provided any public indication that she intends to defend HB 2494 notwithstanding her view that it is unlawful. Thus far from "mak[ing] all of [the State's] arguments" in defense here, *Perry*, 587 F.3d at 952 (citation omitted), it is unclear

4

whether the Defendant is "willing" to make them in the context of the particular challenge brought here. *Id.*

Given these circumstances, the State's motion satisfies the minimal burden of demonstrating inadequacy of representation.

## II. ALTERNATIVELY, THIS COURT SHOULD GRANT PERMISSIVE INTERVENTION

Even if the Court declines to grant the State's motion to intervene as of right, this is precisely the type of case where permissive intervention is warranted. Federal courts may permit intervention by litigants who have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Where a litigant "timely presents such an interest in intervention," the Court should consider:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011).

As explained more fully above, the State and its Attorney General have compelling interests in the outcome of this action and has standing to defend the constitutionality of its laws. *See also* A.R.S. § 41-193(A)(3) (granting authority to the Attorney General to defend the State in federal court). They further seek to advance "defense[s] that share[] with the main action … common questions of law or fact," Fed. R. Civ. P. 24(b)(1)(B)—*i.e.*, arguments that the State's Acts are constitutional.

Furthermore, the State's motion is timely as discussed above. And the State's participation will not unnecessarily prolong, prejudice, or unduly delay the litigation.

Indeed, the State's participation will "significantly contribute to … the just and equitable adjudication of the legal questions presented." *Schwarzenegger*, 630 F.3d at 905.

Moreover, basic principles of federalism should permit the State the opportunity to defend its laws before they are potentially declared unconstitutional. The interests of justice strongly support adjudication on the merits here.

### III. THE STATE REQUESTS LEAVE NOT TO FILE A RESPONSIVE PLEADING AT THIS TIME

The State also respectfully seeks leave from the requirement of Rule 24(c) to attach a responsive pleading. The Ninth Circuit has made plain that such an omission without seeking leave "is a purely technical defect which does not result in the disregard of any substantial right." *Westchester Fire Ins. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) (quotation marks omitted). "Courts ... have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion." *Beckman Indus. Inc., v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992).

The State intends to file a motion to dismiss or answer at an appropriate time but wishes to avoid any delay in presenting this motion to this Court. Nor would a responsive pleading—which would overwhelmingly consist of *pro forma* denials—serve any meaningful purpose at this time. This Court has previously dispensed with this requirement in election cases. *See, e.g., See, e.g., Arizonans for Fair Elections v. Hobbs*, 335 F.R.D. 261, 268 n.1 (D. Ariz. 2020); *Arizona Democratic Party v. Hobbs*, No. CV-20-01143, 2020 WL 6555189, at *1 n.1 (D. Ariz. June 19, 2020). It should do so again.

### CONCLUSION

For the foregoing reasons, this Court should grant this motion to intervene, either as of right or permissively.

1 | Respectfully submitted this 6th day of April, 2022.

MARK BRNOVICH
ATTORNEY GENERAL

By: s/ Brunn W. Roysden III
   *Assistant Attorney General*

*Attorneys for Proposed Intervenor-Defendants State of Arizona and Mark Brnovich, Arizona Attorney General*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of April, 2022, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.

s/ Brunn W. Roysden III

*Attorneys for Proposed Intervenor-Defendants State of Arizona and Mark Brnovich, Arizona Attorney General*